UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARVIN LOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:04CV989 RWS |
| | ) |
| DON ROPER, et al. | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

This matter is before me on the motion to dismiss of defendants Roper and Layden. Defendants contend that plaintiff's complaint should be dismissed for failure to exhaust administrative remedies and for failure to state a claim. Except as noted below, the motion will be denied.

Plaintiff, a Missouri prisoner, filed the instant § 1983 pro se complaint alleging his eighth amendment rights were violated when he was placed on "mealoaf."[1] Apparently, this means that plaintiff was placed on alternative meal service as punishment and was forced to eat meals in his cell rather than in the dining facility. Plaintiff contends that these meals are unsanitary and do not meet

---

[1]Plaintiff's pro se complaint is handwritten, so the Court cannot ascertain whether plaintiff is actually complaining about "meatloaf" instead of "mealoaf." For the remainder of this opinion, the Court will simply refer to this practice -- whatever it may be called in the prison vernacular -- as alternative meal service.

the basic nutritional needs of inmates in violation of the Eighth Amendment. Plaintiff further alleges that he became ill because he was placed on alternative meal service. Plaintiff's complaint names prison superintendent Don Roper and functional unit manager Mike Layden as defendants, along with two correctional officers who have yet to be served, Wiggins and Wilford.

Roper and Layden first move to dismiss plaintiff's complaint for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a) requires a prisoner to fully exhaust prison grievance procedures before filing suit. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000). "If exhaustion was not completed at the time of filing, dismissal is mandatory." Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003). Although defendants admit that plaintiff filed an Informal Resolution Request (IRR), Grievance and an Appeal with respect to his complaints about being placed on alternative meal service, Roper and Layden nevertheless contend that I must dismiss plaintiff's complaint in its entirety because he did not specifically name either of them in the IRR or the Inmate Grievance. A review of the record, however, reveals that Layden actually signed plaintiff's IRR as the respondent, and that both Roper and Layden were specifically named in plaintiff's appeal. There is no dispute that plaintiff's appeal was actually investigated by the prison and denied before plaintiff filed suit. Under these circumstances, I will deny the motion to dismiss for failure to

exhaust administrative remedies.

Exhaustion is an affirmative defense which must be proved by defendants and need not be pleaded by the plaintiff.  See Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam); Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001). Defendants have not met their burden in this case.  Generally, a complaint is dismissed for failure to exhaust administrative remedies if an inmate fails to initiate any grievance procedures, fails to appeal the denial of an IRR or Inmate Grievance or fails to name one of his claims or one of the defendants during the grievance process.  Here, none of these things happened.  In this case, plaintiff completed each step of the grievance process.  Layden was the respondent in the IRR, and Layden and Roper were both mentioned specifically in the Inmate Appeal.  Therefore, the defendants were named during the grievance process (albeit not each defendant at each step of the process), and plaintiff did fully pursue his grievance through the appeal process.

Moreover, the nature of plaintiff's claims did not change from the filing of the IRR though the filing of the Appeal.  Instead, plaintiff's appeal specifies that defendants were the individuals who placed him on alternative meal service.  This fact would have been apparent from the prison's initial investigation of plaintiff's complaint, and certainly during the appeal process.  "[O]ne of the objectives of §

1997e(a) is to resolve inmate complaints administratively without the necessity of intervention of the federal courts." Johnson, 340 F.3d at 628. This objective was met here. The correctional facility and the defendants were on notice of plaintiff's claims and were given the full opportunity to consider, and if necessary, resolve plaintiff's complaints prior to initiation of this action. In addition, the facility actually reviewed the merits of plaintiff's grievance against both defendants during the appeals process and denied plaintiff's appeal after "reviewing [plaintiff's] complaint and pertinent information . . . ." For these reasons, I cannot conclude that plaintiff's complaint should be dismissed for failure to exhaust administrative remedies. Defendants' motion to dismiss on this basis will accordingly be denied.[2]

---

[2]In making this decision, I am aware that the Sixth Circuit Court of Appeals has held that a prisoner fails to exhaust his administrative remedies if he does not name each defendant during the first step of the grievance process. See Burton v. Jones, 321 F.3d 569, 574-75 (6th Cir. 2003). I do not find the Burton case persuasive. Burton relies on the interpretation of grievance procedures in the Michigan Department of Corrections, see id. at 574, which are inapplicable here. Moreover, the reasoning of this case may be called into question to the extent that it requires something more of a prisoner than to place the defendants on notice of his claims against them and to afford the correctional facility the full opportunity to investigate and address these claims before a federal suit is filed. As stated above, plaintiff did that in this case and should not be required to do more. Finally, Burton is at odds with the Eighth Circuit's recent pronouncement that exhaustion is an affirmative defense that need not be pleaded by the prisoner, see Nerness 401 F.3d at 876, which further calls into question its applicability in this case.

I am also aware that Judge Noce cited this case with approval in Dashley v. Correctional Medical Services, Inc., 345 F. Supp. 2d 1018, 1024 (E.D. Mo. 2004).

Defendants next contend that plaintiff's complaint is barred by the Eleventh Amendment. Generally, "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Section 1983 does not abrogate the Eleventh Amendment immunity of states and their agencies. See Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). Section 1983 damage claims against individual defendants acting in their official capacities are also barred, either by the Eleventh Amendment or because they are not "persons" for § 1983 purposes. Id. However, "[s]tate officials acting in their official capacities are § 1983 'persons' when sued for prospective relief, and the Eleventh Amendment does not bar such relief." Id. Finally, "[t]he Eleventh Amendment does not bar damage claims against state officials acting in their personal capacities." Id.

---

However, Judge Noce did not apply the Burton rule in his case. Rather, in Dashley the prisoner did not assert at any point during the grievance process that the defendant Superintendent actually participated in the alleged wrongdoing. Instead, Dashley's complaints during the appeal centered solely on the Superintendent's failure to respond to plaintiff's grievance. It was for this reason that Judge Noce found that Dashley had not exhausted his administrative remedies. See id. at 1024. Dashley is not contrary to my decision in this case because here the defendants actually had notice that plaintiff was specifically grieving against them, and the correctional facility investigated these charges and concluded that plaintiff was not entitled to relief.

Plaintiff's complaint is silent about the capacity in which defendants are being sued. Therefore, at this point I must interpret the complaint "as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995).[3] Plaintiff's claims for monetary damages against defendants are barred by the Eleventh Amendment and must be dismissed. However, plaintiff's complaint also seeks prospective injunctive relief. These claims are not barred by the Eleventh Amendment and survive dismissal. See Larson v. Kempker, 405 F.3d 645, 649 (8th Cir. 2005). Therefore, defendants' motion to dismiss will be granted only to the extent that plaintiff's complaint seeks monetary damages and will be denied in all other respects.

Finally, defendants contend that they are entitled to qualified immunity. "State officials are shielded from § 1983 damage liability if their conduct did not violate clearly established constitutional rights of which a reasonable official would have known." Murphy, 127 F.3d at 755. As plaintiff's damage claims are being dismissed as barred by the Eleventh Amendment, the motion to dismiss on the basis

---

[3]The Court could consider a timely motion to amend plaintiff's complaint to assert individual damage claims against these defendants under § 1983. If such a motion to amend were granted, plaintiff's claims for damages could be reinstated. See Murphy, 127 F.3d at 755 (district court has discretion to permit prisoner to amend § 1983 complaint to specify that claims are brought in individual capacity when initial complaint is silent as to capacity).

of qualified immunity will be denied without prejudice. "There is no dispute that qualified immunity does not apply to claims for equitable relief . . . ." Grantham v. Trickey, 21 F.3d 289, 295 (8th Cir. 1994). Should plaintiff amend his complaint to assert a claim for damages against defendants in their personal capacities, the defendants may re-raise their qualified immunity defense and the Court will resolve the issue under the standards announced in Doe v. Cassel, 403 F.3d 986, 988-89 (8th Cir. 2005).

Finally, defendant Roper moves for dismissal of all claims against him on the ground that respondeat superior cannot form the basis for liability in a § 1983 action. While this is a correct statement of the law, it does not mandate Roper's dismissal from this action. Plaintiff's complaint alleges that Roper directly participated in the alleged constitutional violation ("I begged them to see this wrong an fed me and defendants Roper, Layden, Wiggins or Wilford wouldn't fed me") and that Roper was deliberately indifferent to and authorized the offending acts. Plaintiff's complaint states a claim against Roper under § 1983. See Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996). Defendants' motion to dismiss on this basis will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#9] is granted **only** as follows: plaintiff's complaint for damages against defendants Roper and Layden is dismissed. **In all other respects, defendants' motion to dismiss is denied.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23 day of June, 2005.