UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARVIN LOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:04CV989 RWS |
| | ) |
| DON ROPER, et al. | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

This matter is before me on plaintiff's motion to amend his complaint. On June 23, 2005, I dismissed plaintiff's claim for damages against defendants Layden and Roper because they were sued in their official capacities only. In that same Order, I stated that the Court would consider a timely motion to amend the complaint if plaintiff wanted to bring a claim for damages against these defendants in their personal capacities. Although plaintiff claims that his instant motion is in response to this Order, the proposed amended complaint fails to name these two defendants in their personal capacities. For this reason, I will deny plaintiff leave to amend his complaint to the extent that he seeks damages against these two defendants. Plaintiff's complaint must clearly allege that these two defendants are being sued in their individual capacities if he intends to pursue a claim for damages against them.

However, to the extent that the proposed amended complaint supports plaintiff's official capacity claims against these defendants for prospective injunctive relief, I find that leave to amend should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend [#27] is granted in part and denied in part as follows: leave to amend is denied as to plaintiff's claim for damages, but leave to amend is granted as to the remainder of the complaint.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of July, 2005.